IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:16-cr-03084-RK |
| (1) BROOKE DANIELLE BECKLEY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Brooke Beckley filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on January 21, 2022. (Doc. 221.) The motion is fully briefed. (Docs. 222, 225, 228.)[1] In addition, Defendant filed what was docketed as a "Pro se motion to seal proposed release plan, medical history and records, and sentence disparity." (Doc. 223.) Finally, Defendant filed what was docketed as a motion to appoint counsel pursuant to 18 U.S.C. § 3006A to represent her in the instant compassionate release proceeding. (Doc. 224.)

### I. Motion to Seal

First, Defendant's motion to seal (Doc. 223) is **DENIED**. When considering whether to allow a seal, the Court must weigh the public's right of access to court filings against the competing interests asserted. *S.C. v. Dirty World, LLC*, No. 11-CV-392, 2011 WL 13334174, at *1 (W.D. Mo. June 1, 2011). Defendant has not indicated any basis to overcome the right of public access and has not separately filed any sensitive medical history and records other than what she references in her motion and suggestions in support and for which a seal may be appropriate. *See also United States v. Bennett*, No. 19-cr-255 (JNE/TNL) (2), 2021 WL 3210391, at *1 n.1 (D. Minn. June 7, 2021) (permitting the filing under seal of defendant's medical records in support of defendant's motion for compassionate release).

---

[1] On January 17, 2022, Defendant filed a motion seeking extension of time to file a reply in support of her motion for compassionate release. (Doc. 226.) The motion is **GRANTED** and the Court will therefore consider Defendant's reply in support of her motion for compassionate release filed on February 23, 2022 (Doc. 228).

## II. Motion to Appoint Counsel

Next, the Court considers Defendant's motion to appoint counsel to represent her in this compassionate release proceeding. "The appointment of counsel for the purpose of preparing a compassionate release motion is neither required by the Constitution nor by statute." *United States v. Gruettner*, No. 1:16-CR-10032-CBK, 2021 WL 5054088, at *4 (D.S.D. Nov. 1, 2021) (citation and quotation marks omitted); *see United States v. Fleming*, 5 F.4th 189, 192-93 (2d Cir. 2021) (no constitutional or statutory right to appointed counsel beyond direct appeal, including related to the filing of a motion for compassionate release). Defendant has ably represented herself in seeking compassionate release and the Court declines to appoint counsel. Defendant's motion to appoint counsel (Doc. 224) is **DENIED**.

## III. Motion for Compassionate Release

Finally, the Court turns to Defendant's motion for compassionate release.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, the Court may modify a defendant's term of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . [i]n any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, to be entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant must demonstrate the following: (1) that she has exhausted her administrative remedies; (2) that extraordinary and compelling reasons warrant a reduction of his sentence; and (3) that the sentencing factors outlined in section 3553(a) support release. *Id.* [2]

In its response, the Government concedes for the purposes of this motion that Defendant has exhausted her administrative remedies. (Doc. 225 at 5.)

---

[2] The Government does not contest that Defendant has exhausted her administrative remedies. (*See* Doc. 225 at 5.) Defendant attached to her suggestions in support of her motion for compassionate release an e-mail dated 12/9/2021 requesting relief under § 3582(c)(1)(A)(i), and a response to that email that appears to be from the warden acknowledging receipt of Defendant's request dated 12/13/2021. (Doc. 222-1.) It appears Defendant properly exhausted her administrative remedies as required by § 3582(c)(1)(A)(i).

In her motion and suggestions in support Defendant argues extraordinary and compelling reasons exist because of the COVID pandemic and its impact on prison conditions, her medical history and medical conditions,[3] her rehabilitation while incarcerated, her young age at the time of sentencing, the length of her sentence,[4] and the disparity between the sentence she received and that imposed on a codefendant. (*See generally* Docs. 221, 222.)

Section 3582(c)(1)(A) requires the Court to consider the factors set forth by 18 U.S.C. § 3553(a) in evaluating a motion for compassionate release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a)(1)-(2).

As the Eighth Circuit has explained, "the COVID-19 pandemic is not an extraordinary and compelling circumstance to warrant a sentence reduction," but requires an "individualized inquiry" informed, in some instances, by the COVID-19 pandemic. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021). The Court finds Defendant has not adequately shown extraordinary and compelling circumstances that justify compassionate release in this case, in light of the COVID-19 pandemic or otherwise. Additionally, when evaluating the § 3553(a) factors as required by the First Step Act, including the nature and circumstances of the offense including Defendant's role in distributing 1.9 kilograms of methamphetamine and ultimately her active involvement in the plan to kill the victim, as well as the need to reflect the seriousness of the offense, promote respect for the law, and deter and protect the public from future criminal conduct, the Court does not find

---

[3] Movant states in her motion, without independent medical support, she is overweight and is currently waiting lab results as to possible Thyroid and kidney problems. She also states she has had prior issues with a blood clot in her leg that traveled to her lungs (*See* Doc. 112 at 13 (presentence investigation report)).

[4] After pleading guilty to (1) conspiracy to distribute 50 grams or more of methamphetamine and (2) the use, carriage, and discharge of a firearm in furtherance of a drug trafficking crime, resulting in murder, the Court sentenced Defendant to a total term of 480 months' imprisonment. (Doc. 145.)

3

Defendant is entitled to compassionate release. Accordingly, Defendant's motion for compassionate release (Doc. 221) is **DENIED**.
**IT IS SO ORDERED.**

                                                        s/ Roseann A. Ketchmark
                                                        ROSEANN A. KETCHMARK, JUDGE
                                                        UNITED STATES DISTRICT COURT

DATED: March 7, 2022